UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA,
ROCK HILL DIVISION

--------------------------------X

| | | |
|---|---|---|
| JAMESON, LLC, | : | Case No.   0:25-cv-12423-MGL |
| Plaintiff, | : | |
| Against | : | **VERIFIED COMPLAINT** |
| | | |
| SHANGHAIJIALESHIYEYOUXIANGONSHI d/b/a APARECIUM US DIRECT, | : | [INJUNCTIVE RELIEF SOUGHT AND JURY TRIAL DEMANDED] |
| Defendant. | : | |

--------------------------------X

Plaintiff, Jameson, LLC ("Jameson" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against defendant Shanghaijialeshiyeyouxiangongsi d/b/a Aparecium US Direct ("Aparecium" or "Defendant"), alleges as follows:

1. This is an action for infringement of Jameson's United States Design Patent No. D1,073,448 S under the Patent Act, 35 U.S.C. § 101, *et seq.*, based on Aparecium's unauthorized commercial use, offer for sale, and sale of its "Heavy Duty Reel Buck" (the "Accused Product") in the United States.

**JURISDICTION AND VENUE**

2. This action arises under the patent laws of the United States. 35 U.S.C. §§ 101 *et seq*, including, *inter alia*, §§ 271 and 289. Accordingly, this Court has exclusive jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims asserted or that may be asserted that are so related to claims within the original jurisdiction of this action as they form part of the same case or controversy under Article III of the United States Constitution.

4. This Court has *in personam* jurisdiction over Aparecium because Aparecium has and continues to commit acts of infringement and induce acts of infringement by others in this District, thereby deriving substantial revenue from products and/or services provided to individuals and businesses in this District.

5. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because it is where a substantial part of the events giving rise to the claims occurred, including but not limited to Aparecium's acts of infringement. Additionally, given Jameson's established and significant presence in this District, it is here where the harm from Aparecium's infringement is being felt. Venue is proper under 28 U.S.C. §1391(c)(3) because Aparecium is not a resident of the United States and thus can be sued in any judicial district. Additionally, venue is proper under 28 U.S.C. § 1400 because Aparecium has committed acts of infringement in this District but does not reside in the United States.

## PARTIES

6. Jameson is a Delaware corporation with its principal place of business at 1451 Old North Main Street, Clover, SC 29710.

7. Jameson is dedicated to creating innovative, unique new products for the telecommunication cable installation and maintenance field, outfitting professional maintenance and installation teams worldwide.

8. Jameson is a leader in providing easy to use tools to the cable installation and maintenance industry. Jameson's products provide users with a dependable, durable product, engineered to be effective and efficient.

9. Upon information and belief, Defendant Aparecium is a company organized and existing under the laws of the People's Republic of China, having an address at Room 902, No. 205, Fujian Middle Road, Shanghai, Huangpu District, Shanghai, 200001 China.

10. Upon information and belief, Aparecium is also the owner of U.S. Trademark Regs. 6,995,983 and 6,996,563 for APARECIUM ("Aparecium Trademarks"). According to U.S. Patent and Trademark Office's ("USPTO") records, the owner of the Aparecium Trademarks is listed as "Shanghaijialeshiyeyouxiangongsi", with an address at RM 902, No. 205, Middle Fujian RD., Huangpo District, Shanghai CHINA 200001. *See* Exhibits 8 and 9 introduced below.

11. According to USPTO records, the attorney of record and correspondent for U.S. Trademark Reg. 6,995,983 is Adriano Pacifici with an address at Intellectual Property Consulting, LLC, 400 Poydras Street, Suite 1400, New Orleans, Louisiana US 70130. The same USPTO records provide the following e-mail addresses for the correspondent: apacifici@iplawconsulting.com, 2859294656@qq.com, and creid@iplawconsulting.com. *See* Exhibit 8.

12. According to USPTO records, "Shanghaijialeshiyeyouxiangongsi" is listed as the correspondent for U.S. Trademark Reg. 6,996,563 at the same address indicated in ¶10 above. USPTO records also provide the following e-mail address for the correspondent: jiale@cunmail.com. *See* Exhibit 9.

13. Upon information and belief, Aparecium markets, sells, and distributes the Accused Product to customers nationwide, including to customers in South Carolina, and this District, including through online sellers.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS
### Design Patent No. D1,073,448 S

14. United States Design Patent Number D1,073,448 ("'D448 Patent"), entitled *Reel Buck Apparatus*, was duly and legally issued on May 6, 2025, and lists Carlos Fernando Becerra Alvarado and Brent Wagner as its inventors.



**Exhibit 1**.

15. Jameson is the assignee of the entire right, title and interest in the 'D448 Patent, including the right to sue for past infringement.

16.     The 'D448 Patent claims the ornamental design for a reel buck apparatus as shown and described in the patent.

17.     Jameson holds exclusive rights under the 'D448 Patent, including the right to make, offer for sale, sell, and import products covered by the 'D448 Patent, and the right to enforce the same.

### Jameson's Portable Reel Buck, RB-54

18.     Jameson's RB-54 Portable Reel Buck ("RB-54") practices the 'D448 Patent.

19.     The RB-54 was designed as a portable tool to set up strand and cable reels up to 54 inches in diameter and 40 inches in width, with a weight capacity of 1,000 pounds. It allows the user to move reels by connecting it to a spool as a wheel and pushing the perpendicular handles.

20.     The listing for the RB-54 on the Jameson website indicates that the product has a "patent pending". Attached hereto as **Exhibit 2** is a true and correct copy of the RB-54 listing from the Jameson website.

21.     In addition to selling the RB-54 on its own website, Jameson sells the RB-54 through online sellers for $374.99.



**Exhibit 3**.

**The Accused Product**

22.     Aparecium has and continues to make, sell and/or offer for sale the Accused Product in the United States via online sellers for $239.99, using its d/b/a name, Aparecium US Direct.



**Exhibit 4**.

23.     To confirm that Aparecium's offer to sell the Accused Product into South Carolina was bona fide, Jameson caused one Accused Product (embodying the 'D448 Patent) to be purchased from Aparecium and delivered into this District.

24.     The product was shipped in a box with the following label affixed:



**Exhibit 5**.

25. Aparecium's "About Seller" page on an e-commerce website identifies Aparecium's full business name as Shanghaijialeshiyeyouxiangongsi.



**Exhibit 6**.

26.     Aparecium's listed Business Address, when translated into English using Google Translate, identifies the following address in China:



**Exhibit 7**.

27.     A search of the USPTO Records for Aparecium shows that the owner of the Aparecium Trademarks is "Shanghaijialeshiyeyouxiangongsi", with an address at RM 902, No. 205, Middle Fujian RD., Huangpo District, Shanghai CHINA 200001. **Exhibits 8 and 9**.

28.     As shown below, The Accused Product has the same ornamental design and is virtually identical to the design claimed in the 'D448 Patent.

//

//

//

//

//

8

| 'D448 Patent | Accused Product |
|---|---|
|  | |

29.     An ordinary observer or purchaser would find the overall design of the 'D448 Patent and the Accused Product substantially similar and mistakenly purchase the Accused Product.

30.     The Accused Product and the "D448 Patent create the same visual impression as they are both similarly sized reel buck apparatus with the same ornamental design, disassembled into a similar number of pieces for assembly by the end user.

31.     Upon information and belief, based on the substantial similarity between the ornamental design of the products, and the way they are advertised, Aparecium has known of the existence of the 'D448 Patent and RB-54 since before it engaged in infringing conduct.

9

**Irreparable Harm to Jameson**

32. Jameson has not licensed its product to any non-Jameson person or entity, let alone a direct competitor. James has demonstrated its intent to retain exclusivity over its intellectual property rights.

33. Aparecium has infringed and continues to infringe the 'D448 Patent by selling and/or offering to sell the Accused Product in the United States, including via online sellers.

34. Aparecium's conduct has already caused irreparable harm to Jameson and will continue to cause further irreparable harm unless Aparecium is enjoined from further acts of infringement.

35. The recent disruption caused by Aparecium - an unlawful market entrant and participant- threatens to cause an unquantifiable and irreversible amount of harm to Jameson's market share.

36. Under the patent system, Jameson is entitled to exclusivity through the life of the 'D448 Patent; its business plan is predicated on this exclusivity. Any further disruption from Jameson's current operation to distinguish itself from and otherwise compete with Aparecium will cause further irreparable harm to Jameson.

**COUNT I- DIRECT PATENT INFRINGEMENT**
(35 U.S.C. § 271(a))

37. Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38. Defendant has been and is infringing, either literally or under the Doctrine of Equivalents, the 'D448 Patent by making, using, selling, and/or offering for sale in the United States, or importing into the United States, including within this judicial district, the Accused Product in violation of 35 U.S.C. § 271(a).

39. Upon information and belief, Defendant has gained revenues by virtue of its infringement of the 'D448 Patent.

40. Plaintiff has sustained damages as a direct and proximate result of Defendant's infringement and is entitled to compensation pursuant to 35 U.S.C. §§ 284 and/or 289.

41. Plaintiff is suffering and will continue to suffer immediate and irreparable harm from Defendant's infringement of the 'D448 Patent.

42. Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the 'D448 Patent pursuant to 35 U.S.C. § 283.

43. Upon information and belief, Defendant's infringement has been and continues to be knowing, intentional, and willful. Despite having the requisite knowledge, Defendant's continue to infringe the 'D448 Patent despite an objectively high likelihood that their conduct constitutes infringement, in complete and reckless disregard of Plaintiff's patent rights.

44. Defendant's infringement of the 'D448 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285 and Jameson is entitled to an award of attorney fees.

## COUNT II- INDIRECT PATENT INFRINGEMENT

45. Plaintiff incorporates and realleges paragraphs 1 through 44 of this Complaint.

46. Defendant has indirectly infringed and continues to indirectly infringe upon the 'D448 Patent by actively inducing others to practice the 'D448 Patent in violation of 35 U.S.C. § 271(b), either literally or else under the doctrine of equivalents. For example, Defendant induces its end-users to use the Accused Product as advertised.

47. Plaintiff has sustained damages as a direct and proximate result of Defendant's indirect infringement of the 'D448 Patent.

48. Plaintiff is suffering and will continue to suffer irreparable harm from Defendant's continued indirect infringement of the 'D448 Patent. Moreover, Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant continuing indirect infringement of the 'D448 Patent.

49. Defendant's indirect infringement of the 'D448 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

1. As it relates to the 'D448 Patent:

   a. A judgment that the 'D448 Patent is valid and enforceable;

   b. A judgment that the Defendant has directly infringed and induced infringement of the 'D448 Patent;

   c. That this Court temporarily restrain, preliminarily and permanently enjoin Defendant's officers, directors, agents, servants, employees, affiliates, attorneys, all other acting in privity or concert with Defendant, and its parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of the 'D448 Patent;

   d. A judgment awarding Plaintiff all damages adequate to compensate Plaintiff for Defendant's infringement of the 'D448 Patent, and in no event, less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum interest rate permitted by law;

   e. A judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to pre-judgment interest;

f. Disgorgement of Defendant's ill-gotten profits pursuant to 35 U.S.C. § 289, as well as actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, in addition to pre-judgment interest as authorized by law;

g. A judgment that this is an exceptional case and an award to Plaintiff of its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

h. Any further relief this Court deems to be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

## RESERVATION OF RIGHTS

Plaintiff reserves the right, upon further investigation and discovery, to assert such claims against Defendant and other responsible parties as may be just and appropriate under the circumstances.

This the 9th day of September, 2025.

Respectfully submitted,

*/s/ Samuel Alexander Long, Jr.*
Samuel Alexander Long, Jr.
SC Fed. Court ID #13446
Shumaker, Loop & Kendrick, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
E-mail: along@shumaker.com